UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL J. B.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

CASE NO. 2:18-CV-00442-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 5.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he failed to give legally sufficient reasons to reject medical opinion evidence from Drs. Jenna Yun, Ph.D., and Rodger Meinz, Ph.D. Had the ALJ properly considered these medical opinions, the residual functional capacity ("RFC") may have included additional limitations. The

ALJ's error is therefore not harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of Social Security ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On November 13, 2014, Plaintiff filed applications for SSI and DIB, alleging disability as of December 15, 2008.[1] *See* Dkt. 8, Administrative Record ("AR") 15. The applications were denied upon initial administrative review and on reconsideration. *See* AR 15. ALJ Eric S. Basse held a hearing on January 27, 2017. AR 42-112. In a decision dated June 28, 2017, the ALJ determined Plaintiff to be not disabled. AR 12-38. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-6; 20 C.F.R. § 404.981, § 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by failing to provide: (1) specific, legitimate reasons to discount medical opinion evidence from Drs. Yun and Meinz; and (2) specific, clear and convincing reasons to reject Plaintiff's subjective symptom testimony. Dkt. 12, pp. 2-18. Plaintiff, due to these alleged errors, requests the Court remand this matter for an award of benefits. *Id.* at 18.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

---

[1] Because the Social Security Administration ("SSA") had already adjudicated and denied another disability claim from Plaintiff – which was administratively final as of August 12, 2013 – the ALJ found "the relevant period with respect to [Plaintiff's] current applications begin [sic] August 13, 2013, the day after the date of the most recent determination." AR 15. Plaintiff does not challenge this finding from the ALJ. *See* Dkt. 12.

DISCUSSION

**I.  Whether the ALJ properly considered the medical opinion evidence.**

Plaintiff contends the ALJ failed to properly consider medical opinion evidence from examining physicians, Drs. Yun and Meinz. Dkt. 12, pp. 2-16.

In assessing acceptable medical sources, the ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

A.  <u>Dr. Yun</u>

Plaintiff first challenges the ALJ's treatment of Dr. Yun's opinion. Dkt. 12, pp. 2-13. Dr. Yun conducted a psychological/psychiatric evaluation of Plaintiff on September 16, 2016. AR 591-605. Dr. Yun's evaluation included a record review of a previous evaluation report, a clinical interview, a mental status examination, and other testing, including a Beck Anxiety Inventory. AR 591-605.

Dr. Yun opined Plaintiff has moderate limitations in his ability to perform routine tasks without special supervision, be aware of normal hazards and take appropriate precautions, and

ask simple questions or request assistance. AR 594. Dr. Yun also determined Plaintiff has marked limitations in his ability to: understand, remember, and persist in tasks by following very short and simple instructions; understand, remember, and persist in tasks by following detailed instructions; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; and make simple work-related decisions. AR 593-94. Further, Dr. Yun found Plaintiff severely limited in his ability to learn new tasks, adapt to changes in a routine work setting, and communicate and perform effectively in a work setting, indicating an inability to perform these activities. *See* AR 593-594. Likewise, Dr. Yun opined Plaintiff has severe limitations in his ability to maintain appropriate behavior in a work setting, set realistic goals and plan independently, and complete a normal work day and work week without interruptions from psychologically based symptoms. AR 594.

The ALJ gave "little weight" to Dr. Yun's opinion that Plaintiff "suffers from marked cognitive and social limitations due to his mental impairments." AR 28 (citation omitted). The ALJ reasoned:

> I give little weight because, in forming her opinion, (1) Dr. Yun appeared to rely greatly on the claimant's self-reported symptoms rather than her own observations of the claimant's presentation at the mental status examination which documented that the claimant was "somewhat relaxed" and demonstrated that he was not markedly limited in her [sic] memory, concentration, insight, and judgment. (2) Further, Dr. Yun's opinion is not consistent with the claimant's presentations during various interviews and examinations, and the claimant's activities of daily living. (3) Finally, Dr. Yun's opinion contrasts sharply with the claimant's own admission of improved symptoms after treatment and that he is ready to go to work.

AR 28 (citations omitted) (numbering added).

First, the ALJ discounted Dr. Yun's opinion because he found Dr. Yun appeared to base her opinion on Plaintiff's self-reports rather than her own observations. AR 28. An ALJ may reject a physician's opinion "if it is based 'to a large extent' on a claimant's self-reports that have

been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999)). But this is not a legally sufficient reason to reject a physician's opinion where the physician does not discredit the claimant's reports and provides her own observations in support of her findings. *See Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008). Further, a clinical interview and mental status evaluation are "objective measures" which "cannot be discounted as a self-report." *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017).

Here, the record does not show Dr. Yun discredited Plaintiff's subjective reports. Moreover, the record reflects that in reaching her opinion, Dr. Yun observed Plaintiff, conducted a clinical interview and mental status examination, and made clinical findings relevant to her opinion. AR 591-95. For instance, Dr. Yun determined Plaintiff had "[m]oderate; chronic" symptoms of difficulty concentrating and irritability. AR 592. Dr. Yun further wrote in her clinical findings that Plaintiff had "[s]evere" difficulties with avoidance behaviors, circumscribed interests, behavioral rigidity, perseverative thinking, repetitive behaviors, social impairments, and concrete thinking. AR 592-93. Similarly, in stark contrast to the ALJ's finding that Plaintiff was "not markedly limited in her [sic] memory, concentration, insight, and judgment," Dr. Yun found Plaintiff *not* within normal limits in the mental status examination in memory, concentration, abstract thought, and insight and judgment. *Compare* AR 28 *with* AR 594-95.

As the record does not show Dr. Yun relied more heavily on Plaintiff's self-reported symptoms than on her own objective observations and findings, the ALJ's first reason for discounting Dr. Yun's opinion is not specific and legitimate nor supported by substantial evidence. *See Ryan*, 528 F.3d at 1199-1200 (an ALJ cannot reject "an examining physician's

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 5

opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports [her] ultimate opinion with [her] own observations").

Second, the ALJ gave Dr. Yun's opinion little weight because he found it inconsistent with Plaintiff's presentation during other examinations and activities of daily living. AR 28 (citations omitted). An ALJ may discount a physician's opinion which is inadequately supported "by the record as a whole." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (citation omitted). An ALJ may also discount a physician's findings if those findings appear inconsistent with a plaintiff's daily activities. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). In any event, an ALJ cannot reject a physician's opinion in a vague or conclusory manner. *See Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996). As the Ninth Circuit has stated:

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

*Embrey*, 849 F.2d at 421.

Here, although the ALJ asserted that aspects of Dr. Yun's opinion were inconsistent with the record and cited to particular records, the ALJ failed to explain how those aspects of the record undermined Dr. Yun's findings. *See* AR 28. In other words, the ALJ "merely state[d] that the objective factors point toward an adverse conclusion," but "ma[de] no effort to relate any of these objective factors" to particular findings from Dr. Yun. *See Embrey*, 849 F.2d at 422. "This approach is inadequate." *Id.*

In addition, the Court notes many of the records cited by the ALJ are not necessarily inconsistent with Dr. Yun's opinion. *See, e.g.*, AR 527 (another mental status examination,

containing multiple errors), AR 531 (email from Plaintiff's mom to a psychiatrist, describing Plaintiff's family history and cognitive difficulties), AR 543 (physical examination treatment notes, noting in part that Plaintiff "[h]as all markers of autistic spectrum"), AR 554 (physical examination of Plaintiff after a head injury), AR 577 (Plaintiff reporting that his hobbies include cutting and collecting wood and collecting baseball cards). Given the ALJ's conclusory reasoning and lack of clear record support, the Court cannot find this reason to reject Dr. Yun's opinion is specific and legitimate or supported by substantial evidence. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) (citation omitted) ("the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence"); *see also Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) (citations omitted) ("We require the ALJ to build an accurate and logical bridge from the evidence to [his] conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings.").

Third, the ALJ gave Dr. Yun's opinion little weight because he found it contrary to Plaintiff's "own admission of improved symptoms after treatment and that he is ready to go to work." AR 28 (citations omitted). Nonetheless, as explained above, an ALJ cannot reject a physician's opinion in a vague or conclusory manner. *See Garrison*, 759 F.3d at 1012-13 (citation omitted); *Embrey*, 849 F.2d at 421-22. Rather, the ALJ "must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Embrey*, 849 F.2d at 421-22.

In this instance, the ALJ failed to explain how Plaintiff's statements of improvement and willingness to work are inconsistent with Dr. Yun's opinion. *See* AR 28. Further, the treatment records the ALJ cited show that Plaintiff once reported a desire to work, and sometimes

described improved mental health symptoms. *See, e.g.*, AR 606 (Plaintiff reporting a "desire to work"), AR 615 (Plaintiff stating "he has been able to set boundaries better"). But such brief statements do not necessarily undermine Dr. Yun's opinion that Plaintiff has limitations in his ability to "sustain" basic work activities "over a normal workday and workweek on an ongoing, appropriate, and independent basis." *See* AR 593-94. Therefore, in light of the ALJ's lack of explanation and analysis supported by the record, this is not a specific, legitimate reason to discount Dr. Yun's opinion. *See Garrison*, 759 F.3d at 1012-13 (citation omitted) (an ALJ errs when he assigns a medical opinion "little weight while . . . criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion"); *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (an ALJ's rejection of a physician's opinion on the ground that it was contrary to the record was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed").

      In addition to the errors described above, the Court notes the ALJ's decision contained another error. Specifically, while the ALJ wrote he gave "little weight" to Dr. Yun's opinion about Plaintiff's "marked" limitations, the ALJ did not state the weight he gave to Dr. Yun's opinion about Plaintiff's severe limitations. *See* AR 28. These limitations, such as that Plaintiff is unable complete a normal work day and work week without interruptions from psychologically based symptoms, are also not in the RFC. *See* AR 22; *see also* AR 593 (defining a "severe" limitation as an "inability to perform the particular activity"). Because the ALJ did not include the severe limitations in the RFC, it appears he intended to reject them. Yet an ALJ "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (quoting *Vincent v. Heckler*, 739 F.2d 1393,1395 (9th Cir. 1984)). Accordingly, the ALJ erred by failing to explain the weight he gave to the severe limitations Dr.

Yun opined. *See id.* at 571 (an ALJ's written decision must state reasons for disregarding significant probative evidence); *see also Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (the ALJ must "set forth the reasoning behind [his] decisions in a way that allows for meaningful review").

In all, the ALJ failed to provide any specific and legitimate reason, supported by substantial evidence, to reject Dr. Yun's opinion. As such, the Court considers whether the ALJ's error is harmless.

Harmless error principles apply in the Social Security context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115. The Ninth Circuit has held "'a reviewing court cannot consider an error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (quoting *Stout*, 454 F.3d at 1055-56). The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

In this case, had the ALJ properly considered Dr. Yun's opinion, the RFC and hypothetical questions posed to the vocational expert ("VE") may have contained additional limitations. For example, while Dr. Yun found Plaintiff markedly limited in his ability to understand, remember, and persist in tasks by following very short and simple instructions, the RFC and hypothetical questions found Plaintiff could perform simple tasks. AR 22, 101-09, 593.

Dr. Yun moreover found Plaintiff unable to complete a normal work day and work week without interruptions from psychologically based symptoms, but the RFC and hypothetical questions did not include this restriction. AR 22, 101-09, 594. Because the ultimate disability determination may have changed if Dr. Yun's opinion had been given greater weight, the ALJ's errors are not harmless and require reversal.

    B.  Dr. Meinz

Plaintiff next challenges the ALJ's treatment of Dr. Meinz's opinion. Dkt. 12, pp. 13-16. Dr. Meinz conducted a psychological evaluation of Plaintiff on November 14, 2014. AR 529-38. Dr. Meinz's evaluation included a mental status examination; a Wechsler Adult Intelligence Scale-IV test to measure Plaintiff's cognitive functioning; and a Woodcock-Johnson-III test to measure Plaintiff's academic skill functioning. AR 535-36, 538. Additionally, Dr. Meinz's evaluation included reviewing an e-mail message from Plaintiff's mother about his history and her perception of his limitations, and talking with Plaintiff about his vocational, social, educational, and medical history. AR 529-35. After the evaluation, Dr. Meinz summarized his findings and concluded, in relevant part:

> It will likely take a couple years at a minimum of [mental health treatment] and med[ication] adjustments before [Plaintiff] could be work ready. [Plaintiff] acknowledged that he is too much of an emotional wreck to go to work. . . . In a sentence, the results of this evaluation support a finding that [Plaintiff] would not be able to hold any job at this time and in the near future[.]

AR 537.

The ALJ rejected Dr. Meinz's opinion that Plaintiff could not hold any job at that time and in the near future for four reasons:

> I give little weight to Dr. Meinz's opinion because (1) it is not consistent with Dr. Meinz's own observations of the claimant during the examination when he noted that the claimant showed good attitude, talked normally with adequately formulated and articulated thoughts, and that he was not hypersensitive or not

easily distracted. (2) Moreover, Dr. Meinz's opinion is not consistent with the claimant's presentations during various interviews and examinations, and the claimant's activities of daily living. (3) Finally, as noted above, in May 2015 and December 2016, the claimant stated that his symptoms have improved and he is ready to go to work if he is not awarded disability. (4) Dr. Meinz did not have the benefit of reviewing the other medical reports contained in the current record.

AR 28 (citations omitted) (numbering added).

First, the ALJ discounted Dr. Meinz's opinion because he found his findings inconsistent with Dr. Meinz's own observations of Plaintiff. AR 28. An ALJ may sufficiently reject a physician's opinion if it is "inadequately supported by clinical findings." *Bayliss*, 427 F.3d at 1216 (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001)). Yet the ALJ here again failed to explain how any of the cited observations undermine Dr. Meinz's opinion that Plaintiff could not work. *See* AR 28; *see also Embrey*, 849 F.2d at 421 (an ALJ errs when he states a medical opinion is contrary to the objective findings without further explanation, "even when the objective factors are listed seriatim").

Moreover, the ALJ's conclusory rationale overlooked abnormal findings from Dr. Meinz's evaluation. For instance, Dr. Meinz noted Plaintiff's "mood and interpersonal interactions were quite mercurial." AR 536. Dr. Meinz furthermore wrote that Plaintiff "frequently launched into fiery politicalized comments[.]" AR 536. Despite Dr. Meinz "repeatedly inform[ing]" Plaintiff that it "was a clinical interview [and] not a political forum," Plaintiff insisted on discussing political issues. AR 536. Dr. Meinz also noted that it seemed like it would not "take much to elicit an . . . aggressive response on [Plaintiff's] part." AR 536. In all, Dr. Meinz found Plaintiff "progressively isolated," "angry," "hypersensitive to criticism," and "obsessive-compulsive." AR 537. Thus, the ALJ's selective record reliance is not a specific, legitimate reason, supported by substantial evidence, to reject Dr. Meinz's opinion. *See Reddick*, 157 F.3d at 722-23 (an ALJ must not "cherry-pick" certain observations without considering their

context); *see also Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016) (quoting *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)) (the Court "cannot affirm . . . 'simply by isolating a specific quantum of supporting evidence,' but 'must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'").

The ALJ's second and third reasons for rejecting Dr. Meinz's opinion are the same legally erroneous reasons the ALJ gave for rejecting Dr. Yun's opinion – that is, that Dr. Meinz's opinion is inconsistent with Plaintiff's presentation in other examinations, daily activities, desire to work, and reports of improvement. AR 28. The ALJ also cited the same records as he did in his evaluation of Dr. Yun's opinion. *See* AR 28. Yet as previously explained, such reasoning is invalid, as the ALJ's statements are conclusory and unsupported by the cited records. Additionally, as with Dr. Yun's opinion, Plaintiff's brief statements of his desire to work and improvement do not necessarily undermine Dr. Meinz's opinion that Plaintiff is unable to work. Accordingly, the ALJ's second and third reasons for rejecting Dr. Mezinz's opinion are legally insufficient.

Lastly, the ALJ gave Dr. Meinz's opinion little weight because he did not review other medical reports. AR 28. Once again, however, the ALJ used vague, conclusory reasoning, as he failed to explain how the fact how the fact that Dr. Meinz did not review any medical evidence impacted his assessment. *See* AR 28. This error is heightened by the fact that Dr. Meinz conducted his own examination of Plaintiff upon which he could base his assessment. *See* AR 529-38. Due to the ALJ's lack of explanation as to how Dr. Meinz's opinion was impacted by his failure to review other reports, this is not a specific and legitimate reason upon which the ALJ could discount Dr. Meinz's opinion. *See Embrey*, 849 F.2d at 421 (an ALJ errs when he states a medical opinion is contrary to the record without further explanation).

After considering the record and the ALJ's findings, the Court finds the ALJ failed to provide a specific and legitimate reason, supported by substantial evidence, for giving little weight to Dr. Meinz's opinion. As such, the ALJ erred. Because Dr. Meinz opined Plaintiff was unable to work, the ultimate disability determination may have changed had the ALJ given great weight to Dr. Meinz's opinion. Thus, the ALJ's error is not harmless and requires reversal.

On remand, if the ALJ intends to discount any medical opinion, he is directed to provide specific, non-conclusory reasons for doing so.

**II.     Whether the ALJ properly considered Plaintiff's subjective symptom testimony.**

Plaintiff also asserts the ALJ failed to provide any specific, clear and convincing reason to reject Plaintiff's subjective symptom testimony. Dkt. 12, pp. 16-18.

Because Plaintiff will be able to present new evidence and testimony on remand, and because proper consideration of the medical opinion evidence may impact the ALJ's assessment of Plaintiff's subjective symptom testimony, the Court declines to consider whether the ALJ erred with respect to Plaintiff's testimony. Instead, the Court directs the ALJ to reweigh Plaintiff's subjective symptom testimony as necessary on remand.

**III.    Whether an award of benefits is warranted.**

Lastly, Plaintiff requests the Court remand this case for an award of benefits. Dkt. 12, p. 18.

The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1992). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when

evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d at 1292.

In this case, the Court has determined the ALJ committed harmful error and has directed the ALJ to re-evaluate the medical opinion evidence from Drs. Yun and Meinz, and Plaintiff's subjective symptom testimony, on remand. Because outstanding issues remain regarding the medical evidence, Plaintiff's testimony, the RFC, and his ability to perform jobs existing in significant numbers in the national economy, remand for further consideration of this matter is appropriate.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein. The Clerk is directed to enter judgment for Plaintiff and close the case.

Dated this 10th day of December, 2018.

David W. Christel
United States Magistrate Judge